Heather Appleton, Esq. – State Bar No. 162283
happleton@amdlawyers.com
Cherryl F. Cercado, Esq. – State Bar No. 249990
ccercado@amdlawyers.com
A Member and an Associate of
APPLETON, MAGNANIMO & DEAN, LLP
11400 West Olympic Boulevard, Suite 650
Los Angeles, California 90064
Telephone:  (310) 474-7022
Facsimile:   (310) 474-7023

Attorneys for Plaintiff
Ava Westerlund

**MADE JS-6**

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVA WESTERLUND, | CASE NO.: CV09-0686 GW (PLAx) |
| Plaintiff, | CASE FILED: 09/10/2008 |
| vs. | ASSIGNED FOR ALL PURPOSES TO HON. GEORGE H. WU, RM. 10 |
| LANDMARK AVIATION, a Los Angeles County fictitious business entity; GARRETT AVIATION SERVICES, INC., a Delaware corporation doing business as LANDMARK AVIATION; GARRETT AVIATION SERVICE CENTERS, an unknown California business entity; LANDMARK AVIATION - GARRETT, an unknown California business entity; GARRETT AVIATION SERVICES, LLC, a limited liability company, doing business as LANDMARK AVIATION; ASSOCIATED AIR CENTER, L.P., limited partnership; PIEDMONT HAWTHORNE AVIATION, INC., a Delaware corporation; PIEDMONT HAWTHORNE AVIATION LLC doing business as LANDMARK AVIATION; PIEDMONT/HAWTHORNE HOLDINGS, INC., a corporation; and DOES 1 through 50, inclusive, | **ORDER:** <br> **(1) GRANTING PLAINTIFF AVA WESTERLUND'S MOTION TO CONFIRM THE ARBITRATION AWARD AS TO THE SIXTH CAUSE OF ACTION, INCLUDING ATTORNEYS' FEES, COSTS AND INTEREST;** <br> **(2) DENYING PLAINTIFF AVA WESTERLUND'S MOTION TO PARTIALLY VACATE OR CORRECT THE ARBITRATION AWARD; AND** <br> **(3) DENYING DEFENDANT LANDMARK AVIATION'S MOTION TO VACATE THE ARBITRATION AWARD FOR ATTORNEYS' FEES** |
| | DATE: July 8, 2010 <br> TIME: 8:30 a.m. <br> PLACE: Courtroom 10 |
| Defendants. | DISCOVERY CUT-OFF:  NONE <br> MOTION CUT-OFF:  NONE <br> TRIAL DATE:  NONE |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

---

1

**Order on Parties' Motions to Vacate, Correct and Confirm Arbitration Award**

1  PLEASE TAKE NOTICE THAT the hearing on (1) Plaintiff Ava Westerlund's Motion and Motion to Partially Vacate And/or Correct and to Partially Confirm the Arbitration Award; and (2) Defendant Landmark Aviation's Motion to Vacate Arbitration Award of Attorneys' Fees came on regularly for hearing on Thursday July 8, 2010, at 8:30 a.m. in Courtroom 10 of the United States District Court for the Central District of California (Los Angeles Division), the Honorable George H. Wu, Judge presiding.

Plaintiff Ava Westerlund appeared by her counsel Heather Appleton of Appleton, Magnanimo & Dean, LLP.

Defendant Landmark Aviation appeared by its counsel Benjamin Naylor for Quarles & Brady, LLP.

There were no other appearances.

Having considered the moving, opposing and reply papers, and documents submitted in support thereof by both parties, as to both motions, the Court ruled as follows:

**BACKGROUND**

Plaintiff Ava Westerlund ("Plaintiff"), originally brought suit in state court for disability discrimination and retaliation and various wage and hour claims. Defendant Garrett Aviation Services, LLC d/b/a Landmark Aviation ("Defendant") timely removed the matter to this Court, whereupon the matter was stayed to allow the parties to arbitrate pursuant to a contractual arbitration provision. On January 21, 2010, the arbitrator issued an award that expressly denied relief on all of Plaintiff's claims for discrimination and retaliation, but awarded her $2,413.29 on her sixth cause of action on her claim for missed meal and rest breaks and $2,719.20 in waiting time penalties (with an offset of $2,505.36 that had previously been paid to Plaintiff). See Decision and Partial Final Award Case No. 72 1600042509 (Exhibit A to Defendant's Motion) p.18. In addition, the arbitrator awarded Plaintiff

attorneys' fees limited to "only those attorneys' fees related to the recovery of the wage and hour claims." Id. at 17-18 n. 8. Because the arbitrator found that Plaintiff was entitled to attorneys' fees only in connection with this claim, he ordered her to apportion her fees. Id.

In a subsequent fee petition, Plaintiff failed to apportion her fees. Nevertheless, in making his award of attorneys' fees, the arbitrator wrote:

> Although, for the most part, Claimant's counsel did not maintain time entries in such a way that it is possible to determine to which portion of the case a particular entry related, there are other methods of determining an appropriate fee award. Indeed, Claimant has proposed one: Deducting certain identifiable entries that describe work unrelated to the wage and hour claims and then allocating 50% of the remaining time to these claims. Although I find that Claimant has not deducted sufficiently before allocating and that a 50% allocation is not appropriate, I do find that this methodology is appropriate to satisfy my initial decision and to make an appropriate award of a reasonable fee.

Final Decision and Award Case No. 72 1600042509 (Exh. D to Motion) at 9. Following a fairly detailed explanation of his methodology, including the application of a 1.2 multiplier of the lodestar figure, the arbitrator issued an award of $64,192.70 in attorneys' fees in connection with Plaintiff's wage and hour claim.

Defendant now challenges this award of attorneys' fees on the grounds that: (1) Plaintiff's fee application should have been denied for failure to apportion her fees; (2) the award of fees should have been reduced to reflect Plaintiff's limited success in pursuing her claims; and (3) the application of a multiplier was improper. For the reasons stated below, both Defendant's and Plaintiff's motions to vacate the arbitration award are DENIED. Plaintiff's Motion to Confirm the arbitration award as to her Sixth Cause of Action is GRANTED.

**LEGAL STANDARD**

Under 9 U.S.C. § 10, a district court may vacate an arbitration award only: "(1) where the award was procured by corruption, fraud or undue means; (2) where there was evident partiality or corruption on the part of the arbitrators; (3) where the

3

arbitrators were guilty of misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10. The Ninth Circuit has held that "[r]eview of an arbitration award is "both limited and highly deferential" and the arbitration award may be vacated only if it is 'completely irrational' or 'constitutes manifest disregard of the law.'" [Citations]. <u>Comedy Club, Inc. v. Improv West Assocs.</u>, 553 F.3d 1277, 1288 (9th Cir. 2009) (internal quotes omitted). As noted in <u>Collins v. D.R. Horton, Inc.</u>, 505 F.3d 874 (9th Cir. 2007), "we may not reverse an arbitration award even in the face of an erroneous interpretation of the law." <u>Id.</u> at 879 (citing <u>A.G. Edwards v. McCollough</u>, 967 F.2d 1401, 1403 (9th Cir. 1992)). Rather, to demonstrate manifest disregard, the moving party must show that the arbitrator "underst[oo]d and correctly state [d] the law, but proceed[ed] to disregard the same." <u>Id.</u> (quoting <u>San Martine Compania De Navegacion, S.A. v. Saguenay Terminals Ltd.</u>, 293 F.2d 796, 801 (9th Cir. 1961)) (brackets in original).

## ANALYSIS

### Defendant's Motion to Vacate Arbitrator's Award of Attorneys' Fees

Here, Defendant has not shown that the Arbitrator's award of attorneys' fees to Plaintiff was in manifest disregard of the law or "completely irrational." The decision not to require apportionment and the methodology used in determining fees, including application of a "multiplier" all are supported by a reasoned (albeit not particularly persuasive) decision. Further, Defendant's contention that the attorney's fees must be reduced because Plaintiff received only a modest arbitration award is in error. Defendant's citation to <u>Farrar v. Hobby</u>, 506 US. 103 (1992), is inapt because that case dealt specifically with awards of attorneys' fees under 43 U.S.C. § 1988 and because the award in that case was literally for "nominal damages." Defendant also expressly relies on a California appellate court case

4

involving an award of attorneys' fees under § 1988.  <u>Harman v. City and County of San Francisco</u>, 158 Ca1.App.4th 407 (2007).  There, though, the appellate court wrote:

> The '" amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded under § 1988.  It is, however, only one of many factors that a court should consider in calculating an award of attorney's fees. ... ' [Citation.]" (<u>Butler v. Dowd</u> (8th Cir. 1992) 979 F.2d 661, 676.)  "There is no requirement of proportionality of fees sought to verdict though the court in its discretion may consider plaintiff's success in determining the reasonableness of fees. [Citations.]  A rule of proportionality that would limit fee awards under section 1988 to a proportion of the damages recovered in the underlying suit is inconsistent with the flexible approach to lodestar calculations that takes into account all considerations relevant to the reasonableness of the time spent." <u>Id.</u> at 420-21. (<u>Oberfelder v. City of Petaluma</u> (N.D.Cal., Jan. 29, 2002, Civ. No. C-98-1470 MHP) 2002 U.S.Dist. Lexis 8635, *12.)  "[W]e do not reflexively reduce fee awards whenever damages fail to meet a plaintiff's expectations in proportion to the damages' shortfall."  <u>Nigh v. Koons Buick Pontiac GMC, Inc.</u> (4th Cir. 2007) 478 F.3d 183,190.)

<u>Id.</u> at 4210-421.

Simply put, none of Defendant's asserted bases for setting aside the arbitrator's award come close to succeeding under the "limited and highly deferential" standard of review this Court must adopt in reviewing such an award.

**Plaintiff's Motion to Vacate Arbitration Award as to Plaintiff's First through Fifth Causes of Action**

Plaintiff, too, seeks an order "partially vacating and/or correcting" the arbitration award on the ground that the arbitrator exceeded his powers.  Plaintiff first contends that the arbitrator exceeded his powers when he found that, although Landmark failed to engage in the interactive process, no reasonable accommodation was possible and therefore Plaintiff suffered no remedial injury as a result of Landmark's failure to engage.  Plaintiff asserts that it was improper for the arbitrator to consider a futility defense because Defendant never raised that contention in its Answer or anytime during the course of litigation until it filed its closing brief in December 2009.  For her second argument, Plaintiff argues that once the arbitrator

found that Landmark had failed to engage in the interactive process, he should have terminated his analysis and awarded damages without considering futility.

While Plaintiff is correct that "failure to engage in this process is a separate FEHA violation independent from an employer's failure to provide a reasonable disability accommodation," Wysinger v. Automobile Club of Southern California, 157 Cal. App. 4th 413, 424 (2007), at least one court has held that courts "cannot impose upon the employer an obligation to engage in a process that was guaranteed to be futile." See Swonke v. Sprint Inc., 327 F. Supp. 2d 1128, 1137 (N.D. Cal. 2004). In any event, Defendant correctly characterizes Plaintiff's argument in this regard as being essentially one that the arbitrator misapplied the law, and one that would not support vacatur. See, e.g., Kyocera Corp. v. Prudential-Bache T Servs., 341 F.3d 987, 1003 (9th Cir. 2003) ("The risk that arbitrators may construe the governing law imperfectly in the course of delivering a decision that attempts in good faith to interpret the relevant law, or may make errors with respect to the evidence on which they base their rulings, is a risk that every party to arbitration assumes, and such legal and factual errors lie far outside the category of conduct embraced by § 10(a)(4).").[1] Certainly, nothing in the arbitration award itself supports Plaintiff's assertion that the arbitrator's decision not to award damages for failure to engage in the interactive process constitutes "manifest disregard of the law." Plaintiff's efforts to distinguish cases relied upon by the arbitrator undermine her position that the arbitrator "disregarded" rather than "misapplied" the law.

Even if the Court were to agree that the arbitrator acted in manifest disregard of the law, Plaintiff offers no legal authority that supports her request for the Court

---

[1] Similarly, Plaintiff's argument at Section III.B.2, that she was able to work from December 13, 2006 to January 11, 2007, and therefore she should have been awarded damages for that period based upon Landmark's failure to accommodate would require this Court to reconsider the arbitrator's findings of fact and is beyond the Court's appropriate scope of review. Plaintiff's argument that she is not seeking a review of the arbitrator's factual findings because the arbitrator never expressly found that Plaintiff was unable to work during that period is unpersuasive.

to modify the arbitration award by entering its own award of damages. If vacatur were justified, the appropriate remedy would be to remand the case to the arbitrator for further proceedings. See Major League Baseball Players Assoc. v. Garvey, 532 U.S. 504, 511 (2001) (per curiam) ("Even when the arbitrator's award may properly be vacated, the appropriate remedy is to remand the case for further arbitration proceedings.").

With regard to Plaintiff's first argument that the arbitrator exceeded his powers by considering futility when Defendant never raised it as defense, Defendant correctly notes that that it should be treated as request to modify or correct - and not vacate - the arbitration award. See 9 U.S.C. § 11(b) (district court may make order modifying or correcting arbitration award "[w]here the arbitrators have awarded upon a matter not submitted to them."). However, Plaintiff has not met her burden of showing that the issue of futility was not properly before the arbitrator. It is far from clear (and Plaintiff has provided no authority in this regard) that futility is an affirmative defense. As Defendant argues, California courts have held that without the possibility of a reasonable accommodation through the interactive process, there are no damages to support a failure to engage claim. See, e.g., Scotch v. Art Inst. California-Orange County, Inc., 173 Cal.App.4th 986, 1019 (2009) (Unless, after litigation . . . Scotch identifies a reasonable accommodation that was objectively available during the interactive process, he has suffered no remedial injury from any violation of section 12940, subdivision (n)").[2] Thus, the arbitrator necessarily examined whether a reasonable accommodation was possible.

In response to Plaintiff's claim that she did not have an adequate opportunity to address Defendant's argument that no reasonable accommodation was possible

---

[2] Plaintiff attempts to distinguish Scotch on the basis that because she was compelled to arbitrate rather than litigate her claims, she could not use discovery procedures to identify available accommodations. This does not, however, constitute an argument that the arbitrator was somehow not permitted to address the question whether any arbitration was possible in deciding whether Plaintiff had suffered any remedial damages.

(which, again, would not necessarily justify an order modifying or vacating the arbitration award), Defendant notes that it asserted in its Pre-Arbitration Brief that "there were no accommodations that Landmark could have provided her that would have allowed her to work." Notwithstanding Plaintiff's assertion that, because she only received Defendant's brief in the first day of arbitration, she did not have the ability to refute Defendant's assertion of futility, she simply has not articulated any colorable basis for setting aside and/or modifying the arbitrator's award.

**CONCLUSION**

Both parties' motions to vacate the arbitration award are be DENIED and the arbitration award as to Plaintiff's sixth cause of action and attorneys' fees is confirmed.

**AWARD**

    A.    **$3,281.01** for waiting time penalties. If payment is not made on or before April 16, 2010, daily interest of **$.8989** shall be due from April 16, 2010 until payment is made.

    B.    **$490.92** with regard to interest with respect to missed meal and break periods. If payment is not made on or before April 16, 2010, daily interest of **$.1328** shall be due from April 16, 2010 until payment is made.

///
///
///
///

1  C.  **$64,192.70** ($59,192.70 + $5,000) for attorney's fees[3]. If payment is not made on or before April 16, 2010, daily interest of **$17.5870** shall be due from April 16, 2010 until payment is made.

4  D.  **$5,779.85** for costs. If payment is not made on or before April 16, 2010, daily interest of **$1.5835** shall be due from April 16, 2010 until payment is made.

IT IS SO ORDERED:

DATED: August 9, 2010

_____
GEORGE H. WU, U.S. DISTRICT JUDGE

---

[3] Attorneys' fees were awarded to Plaintiff's counsel at different rates, for different time periods for each attorney and paralegal who performed work on the case as follows:

| Name | Hourly Rate |
|---|---|
| Heather Appleton (adm. 1992) | $425 (8/07-12/07) |
| Heather Appleton (adm. 1992) | $525 (1/08-5/14/09) |
| Heather Appleton (adm. 1992) | $595 (5/15/09-12/31/09) |
| Frank A. Magnanimo (adm. 1994) | $595 (5/15/09-12/31/09) |
| Cherryl F. Cercado (adm. 2007) | $230 (9/08-5/15/09) |
| Cherryl F. Cercado (adm. 2007) | $350 (5/15/09-12/31/09) |
| Kristina Chaushyan (paralegal) | $95 (2008) |